UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

EARL JONES,

    Plaintiff,       DEMAND FOR JURY TRIAL

-vs-           Case No.
               Hon.

UNIFUND CCR LLC,

    Defendant.

## COMPLAINT & JURY DEMAND

NB:   There is a companion case to this matter in *Unifund CCR LLC v Jones*, State of Michigan 52-1 District Court Case No. 14-C05303-GC which was pending before the Hon. Brian W. MacKenzie.  The companion matter resulted in a default judgment.

### Introduction

1. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### Jurisdiction

2. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## Parties

4. The Plaintiff to this lawsuit resides in Southfield, Michigan in Oakland County.

5. Unifund CCR LLC, ("UCCRLLC") is a corporation doing business in Michigan.

## Venue

6. The transactions and occurrences which give rise to this action occurred in Oakland County.

7. Venue is proper in the Eastern District of Michigan.

## General Allegations

8. Prior to July 17, 2014, UCCRLLC sought to collect a debt from Plaintiff which the Plaintiff did not owe.

9. Prior to July 17, 2014, UCCRLLC contacted Plaintiff and Plaintiff explained to Unifund that the debt was not his.

10. Prior to July 17, 2014, Plaintiff resided in Southfield, Michigan within the boundaries for the 46th District Court.

11. On or about July 17, 2014, UCCRLLC sued Mr. Jones in the 52-1 District Court ("collection lawsuit") and on that date, represented to the 52-1 District Court that Mr. Jones lived in Novi, Michigan on that date.

12. On or about July 17, 2014, UCCRLLC knew or should have known that Mr. Jones did not live in Novi and that he did live in Southfield.

13. After filing the collection lawsuit and after the Court issued the summons, UCCRLLC served Mr. Jones at his residence in Southfield.

14. When UCCRLLC filed its return of service with the 52-1 District Court, it continued to represent to the Court that Mr. Jones lived in Novi.

15. UCCRLLC sued Mr. Jones in a venue other than where Mr. Jones resided, in violation of the FDCPA.

16. UCCRLLC misrepresented to the 52-1 District Court the locus of Mr. Jones's residence in violation of the FDCPA.

17. On or about June 20, 2015, UCCRLLC mailed the Plaintiff's personal and private financial information, including his social security number, to a third-party named Vickie Miller in West Chester, Ohio in violation of the FDCPA.

### COUNT I – Fair Debt Collection Practices Act (UCCRLLC)

18. Mr. Jones incorporates the preceding allegations by reference.

19. At all relevant times UCCRLLC – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

20. UCCRLLC is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

21. UCCRLLC 's foregoing acts in attempting to collect this alleged debt against Mr. Jones constitute violations of the FDCPA.

22. Mr. Jones has suffered damages as a result of these violations of the FDCPA.

### COUNT II – Michigan Occupational Code (UCCRLLC)

23. Mr. Jones incorporates the preceding allegations by reference.

24. UCCRLLC is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

25. Mr. Jones is a debtor as that term is defined in M.C.L. § 339.901(f).

26. UCCRLLC's foregoing acts in attempting to collect this alleged debt against Mr. Jones constitute violations of the Occupational Code.

27. Mr. Jones has suffered damages as a result of these violations of the Michigan Occupational Code.

### Demand for Jury Trial

28. Plaintiff demands trial by jury in this action.

### Demand For Judgment for Relief

*ACCORDINGLY, Mr. Jones requests that the Court:*

a. *Assume jurisdiction over all claims;.*

b. *Award actual damages.*

c. *Award statutory damages.*

d. *Award punitive damages.*

e. *Award statutory costs and attorney fees.*

    Respectfully Submitted,

    ADAM G. TAUB & ASSOCIATES
    CONSUMER LAW GROUP, PLC

    By:    s/ Adam G. Taub
            Adam G. Taub (P48703)
            Attorney for Earl Jones
            17200 West 10 Mile Rd. Suite 200
            Southfield, MI 48075
            Phone: (248) 746-3790
            Email: adamgtaub@clgplc.net

Dated: July 14, 2015